**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD EARL NEWLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-501-AGF |
| | ) | |
| WILLIAM MCKINNEY, J. COFIELD, | ) | |
| and T. BREDEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Ronald Earl Newlon, prison

registration number 185874, for leave to proceed in this matter without prepayment of the

required filing fee.  For the reasons explained below, the motion will be held in abeyance, and

plaintiff will be given the opportunity to file an amended complaint.

**28 U.S.C. § 1915(g)**

Section 1915(g) of Title 28 limits a prisoner's ability to obtain *in forma pauperis* status

if he has filed at least three actions that have been dismissed as frivolous, malicious, or for

failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner
> has, on three or more prior occasions, while incarcerated or detained in any
> facility, brought an action ... in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) has withstood constitutional challenges.  *See Higgins v.*

*Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's records, along with records from the United States District Court

for the Western District of Missouri, shows that plaintiff has, on three prior occasions while incarcerated, brought an action that was dismissed for one of the reasons set forth in § 1915(g). *See Newlon v. ARA Health Servs., Inc.,* No. 2:94-CV-131-TIA (E.D. Mo. Dec. 9, 1994); *Newlon v. Dept. of Corr.*, No. 5:99-CV-6087-GAF (W.D. Mo. Aug. 24, 1999); and *Newlon v. Still Regional Med. Cts., et al.,* No. 4:12-CV-1303-CEJ (E.D. Mo. Dec. 17, 2012).

In this action, as explained below, the complaint contains no non-conclusory allegations that would establish his entitlement to proceed *in forma pauperis* in this action.  The Court will therefore hold the instant motion in abeyance, and will give plaintiff the opportunity to file an amended complaint.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task

2

that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Dr. William McKinney, J. Cofield, and T. Bredeman.  Plaintiff identifies McKinney as a Corizon employee, and he identifies Cofield and Bredeman as Missouri Department of Corrections ("MDOC") employees. He names all three defendants in their individual and official capacities.  He alleges as follows.

In July 2020, plaintiff was told he had cirrhosis of the liver.  He was not previously advised of the diagnosis, nor was he regularly tested for it.  Plaintiff grieved the matter using the prison grievance procedure, but his grievances were denied.  Plaintiff writes: "Furthermore, even after becoming aware of Plaintiff's cirrhosis problem, through the grievance appeal, neither

Cofield nor Bredeman ordered any type of medical treatment to combat or cirrhosis [*sic*] damaged liver." (ECF No. 1-1 at 1).  Plaintiff can be understood to claim that McKinney, Cofield, and Bredeman are liable to him because they failed to properly monitor his lab tests and diagnose the condition sooner, and because plaintiff is still not being treated.  However, he alleges no facts in support of such claims.  He seeks only monetary relief.

### Discussion

The complaint fails to state a plausible official-capacity claim against McKinney. Naming an official in his official capacity is the equivalent of naming the entity that employs him, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and the instant complaint contains no facts that would state an official capacity claim against Corizon.  *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978).  Regarding Cofield and Bredeman, § 1983 damages claims against state officials acting in their official capacities are generally barred, either by the Eleventh Amendment or because, in such capacity, the official is not a "person" capable of being sued.  *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

The Court now addresses plaintiff's individual capacity claims.  The complaint attempts to assert claims that arise under the Eighth Amendment, which requires that inmates be provided with adequate medical care.  *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that the defendant acted with deliberate indifference.  *Id.*   The test for deliberate indifference consists of two prongs. *Id.*  First, an inmate must show that he "suffered from an objectively serious medical need."  *Id.*  Second, an inmate must show that the defendant knew of and deliberately disregarded that need.  *Id.*

4

Here, while the complaint establishes that plaintiff has a serious medical need, it contains no facts permitting the inference that any named defendant is deliberately disregarding such need. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). In sum, the complaint contains no facts from which the Court can conclude that plaintiff is under imminent danger of serious physical injury, and therefore entitled to proceed *in forma pauperis* in this matter. *See* 28 U.S.C. § 1915(g).

Plaintiff will be given the opportunity to file an amended complaint to clearly set forth his claims. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in

numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must avoid attempting to amend the complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive amended complaint that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir.

2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent

plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that

plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v.*

*Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel

for an indigent litigant, a court considers relevant factors such as the factual complexity of the

issues, the litigant's ability to investigate the facts and present his claims, the existence of

conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at

794).

In this case, there is no indication that plaintiff is incapable of representing himself, and

nothing in the instant motion or in the record before the Court indicates that the factual or legal

issues are sufficiently complex to justify the appointment of counsel. However, recognizing that

circumstances may change, the Court will deny the motion for appointment of counsel without

prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to proceed *in forma*

*pauperis* (ECF No. 2) is **HELD IN ABEYANCE.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4)

is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's

prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this

Memorandum and Order, plaintiff must file an amended complaint in accordance with the

instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 22nd day of August, 2022.


_____

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE