UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD EARL NEWLON, | ) |
|       Plaintiff, | ) |
| v. | ) No. 4:22-CV-501-AGF |
| WILLIAM MCKINNEY, J. COFIELD, and T. BREDEMAN, | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. For the reasons explained below, plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs will be denied, and this action will be dismissed without prejudice to the filing of a fully-paid complaint.

### Background

The background of this case is fully set forth in the Court's August 22, 2022 Memorandum and Order, but the Court recites the essential facts here. Plaintiff is a prisoner who is subject to 28 U.S.C. § 1915(g). He commenced this action by filing a prisoner civil rights complaint and a motion for leave to proceed *in forma pauperis*. In the complaint, plaintiff claimed the defendants violated his constitutional rights by failing to properly diagnose and treat his medical condition. He sought monetary relief.

Upon initial review, the Court determined that the complaint contained no allegations demonstrating that plaintiff was under imminent danger of serious physical injury, as necessary for this Court to grant his motion for leave to proceed *in forma pauperis*. The Court also determined that although the complaint contained allegations establishing that plaintiff had a serious medical need, it contained no allegations permitting the inference that any defendant, or

anyone who could be identified as a defendant, deliberately disregarded that need.

On August 22, 2022, the Court entered a Memorandum and Order giving plaintiff the opportunity to file an amended complaint, and ordering his motion held in abeyance. In that Memorandum and Order, the Court clearly explained the reasons plaintiff's motion could not be granted at that time, and explained the other deficiencies of the complaint. The Court also gave plaintiff clear instructions about how to prepare the amended complaint. Plaintiff's response to the Court was due on September 12, 2022. However, to date, he has neither filed an amended complaint, nor sought additional time to do so.

## Discussion

Section 1915(g) of Title 28 limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Review of this Court's records, along with records from the United States District Court for the Western District of Missouri, shows that plaintiff has, on three prior occasions while incarcerated, brought an action that was dismissed for one of the reasons set forth in § 1915(g). *See Newlon v. ARA Health Servs., Inc.,* No. 2:94-CV-131-TIA (E.D. Mo. Dec. 9, 1994); *Newlon v. Dept. of Corr.*, No. 5:99-CV-6087-GAF (W.D. Mo. Aug. 24, 1999); and *Newlon v. Still Regional Med. Cts., et al.,* No. 4:12-CV-1303-CEJ (E.D. Mo. Dec. 17, 2012).

As explained above, the complaint contains no allegations demonstrating that plaintiff is under imminent danger of serious physical injury, and plaintiff has failed to respond to the Court's order giving him the chance to file an amended complaint to so plead. Because plaintiff has not demonstrated that he is under imminent danger of serious physical injury, the Court cannot grant him leave to proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g). The Court will therefore deny plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, and dismiss this action without prejudice to the filing of a fully-paid complaint.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a fully paid complaint.

Dated this 3rd day of October, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[1] Even if this Court could grant plaintiff leave to proceed *in forma pauperis*, this action would be subject to dismissal. As explained in the Court's August 22, 2022 Memorandum and Order, the complaint fails to state a claim upon which relief may be granted, and plaintiff failed to respond to the Court's order giving him the opportunity to file an amended complaint to correct the deficiencies.